# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JERALD ALAN HAMMANN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-00886-LDG-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| 800 IDEAS, INC., ) | Motion to Compel (#79) |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff Jerald Alan Hammann's Motion to Compel Discovery (#79), filed May 20, 2010; Plaintiff's Affidavit Regarding Documents (#81), filed May 20, 2010; Defendant's Opposition to Plaintiff's Second Motion to Compel Responses to Interrogatories Served Upon Defendant (#84),[1] filed June 7, 2010; and Plaintiff's Reply Memorandum to Motion to Compel Discovery (#118), filed June 16, 2010. On June 23, 2010, the Court held a hearing on the present matter.

## BACKGROUND

Plaintiff Jerald Hammann has sued Defendant 800 Ideas, Inc. in this action for violations of the Communications Act of 1934, 47 U.S.C. §§151, 201(a) and (b), and regulations adopted pursuant thereto, relating to the hoarding, brokering and warehousing of toll-free telephone numbers in violation of 47 C.F.R. §52.107(a)(1) and (2) and §52.105(b), and for violation of lag time and first come, first serve regulations under §52.103(a)(2) and §52.111. Plaintiff also accuses Defendant of monopolizing or attempting to monopolize trade in violation of 15 U.S.C. §2. Plaintiff's lawsuit arises out of his efforts beginning in August 2000 to obtain the toll free

---

[1] Defendant's opposition also included the affidavits of Joseph Boyle and Susan Parker, as well as several exhibits, which were filed separately as documents no. 85-94.

telephone numbers 800-246-4238 and 888-246-4238 for a prospective business called "Choice Time."  Plaintiff allegedly discovered that these numbers and numerous other toll-free telephone numbers were being hoarded, brokered, warehoused, etc. in violation of Federal law.  In particular, Plaintiff alleges that on August 9, 2000 he made contact with Richard Jones, a representative of an entity known as Ideas.com, and also allegedly a representative of Defendant 800 Ideas, Inc.  Mr. Jones offered to sell Mr. Hammann an Internet domain name (worth approximately $35) for $100,000 with the 800-246-4238 number included as part of the package.  Mr. Jones also allegedly offered to sell him an Internet domain name for $80,000 with the 888-246-4238 number included as part of the package.  *See First Amended Complaint* (#26), ¶¶ 24-25.

Mr. Hammann filed an action against 1-800 Ideas.com, Inc., 1-800 San Diego Inc. and individual defendants Steven Parker, Richard Jones and David Sprouse in the United States District Court for the District of Minnesota in 2003.  *See Hammann v. 1-800 Ideas.com, Inc., et.al.,* Case No. 03-3342 (DWF/SRN) (hereinafter "Minnesota action").  The Defendant in this action, 800 Ideas, Inc., was not initially named as a defendant in the Minnesota action.  On November 24, 2004, the magistrate judge in the Minnesota action ordered the defendants to provide responses to Mr. Hammann's requests for production of documents relating to toll free numbers.  *See* Minnesota action (#96).  On June 17, 2005, the magistrate judge granted Mr. Hammann's motion for sanctions for defendants' violation of the order and based on the manner in which the defendants produced documents to Mr. Hammann.  The magistrate judge also expressed her doubts regarding defendants' representation that they did not retain records regarding the toll free numbers in electronic data bases.  *Id.* at 16, fn. 5.  In support of their objection to the magistrate judge's sanction order, the defendants filed an affidavit by David Sprouse, the president of 1-800 Ideas.com who stated that while the defendants had records responsive to the discovery requests, it would be unduly burdensome for the defendants to produce such records and that production would also violate the confidentiality interests of the defendant's clients.  *See Sprouse Affidavit* in Minnesota action (#100).  On August 15, 2005, the district judge upheld the magistrate judge's sanction order.  Minnesota action (#103).

On October 24, 2005, the magistrate judge in the Minnesota action granted Mr.

Hammann's motion to amend the complaint to add 1-800 Ideas, Inc. as a defendant. In granting the motion, the court stated:

. . .

> Plaintiff argues that despite Defendant's prior representations, 800 Ideas Inc. was the subscriber to the 800 number at issue when Plaintiff requested it from Qwest. In addition, Plaintiff states that 800 Ideas, Inc. contracted with Choice Mortgage USA for the use of the disputed 888 number and that 800 Ideas, Inc. was involved for both the disputed 800 number and the disputed 888 number through June 26, 2001. Plaintiff also claims that 800 Ideas, Inc. was listed as the subscriber to the disputed 800 number in the SMS database.

*Minnesota action,* Order (#118), filed October 24, 2005, p. 3.

The court found "that the addition of 800 Ideas, Inc. as a party to this lawsuit conforms to the evidence in this case and will allow the Complaint to be amended to add that party." *Id.* On July 14, 2006, however the magistrate judge recommended that 1-800 Ideas, Inc.'s motion to dismiss based on lack of personal jurisdiction be granted. The district judge adopted the magistrate judge's recommendation in a published decision issued on September 7, 2006. *See Hammann v. 1-800 Ideas.Com, Inc., et.al.*, 455 Supp.2d 942, 965 (D.Minn. 2006). In recommending dismissal of 1-800 Ideas, Inc. based on lack of personal jurisdiction, the magistrate judge cited the affidavit of 1-800 Ideas, Inc.'s president, Susan Parker,[2] who stated that 1-800 Ideas, Inc. had not engaged in any business activities in Minnesota.

The magistrate judge also cited the following factual allegations that Plaintiff made in support of personal jurisdiction over 1-800 Ideas, Inc.: (1) In 1993, 1-800-Ideas, Inc. acquired the disputed 800 number and became the listed subscriber for that number in the SMS database; (2) if ever an affiliation existed between 1-800 Ideas, Inc. and 1-800 Ideas.com, Inc., that affiliation was terminated prior to the end of 1995; (3) in 1997, 1-800 Ideas, Inc. began providing telecommunications services to Choice Mortgage USA, Inc., an unaffiliated New Hampshire corporation; (4) at least through June 26, 2001, 1-800 Ideas, Inc. was invoiced for the disputed 800

---

[1]Susan Parker is reportedly the wife or ex-wife of Steven Parker, who was an officer of 1-800 Ideas.com and the other entity defendants in the Minnesota action.

number and numerous other toll-free numbers; (5) in 2002, either 1-800 Ideas, Inc. or 1-800 Ideas.com, Inc. began providing telecommunications services to 1-800 San Diego, Inc., a California corporation unaffiliated with 1-800 Ideas, Inc.; and (6) in 2004, 1-800-Ideas, Inc. was listed as the subscriber in the SMS 800 database for the disputed 800 number. *Id.*, 455 F.Supp.2d at 965.  In recommending that 1-800 Ideas, Inc.'s motion to dismiss be granted, the magistrate judge stated:

> Assuming, arguendo, that the above assertions are true, the Court finds that none of them assert that 800-Ideas, Inc. purposefully contacted Minnesota. In fact, the above allegations do not assert 800-Ideas, Inc. had any connection to Minnesota at all. Plaintiff alleges that, on August 6, 2000, he contacted a local responsible organization, Qwest Communications, to secure the 800-246-4238 and 888-246-4238 numbers. (Fifth Amend. Compl. ¶ 47.) Qwest told Plaintiff that 1-800 Ideas.com was the subscriber listed for the 888 number. (*Id.* ¶ 50.)  Plaintiff contends, thereafter, he initiated a search to find the subscriber listed for the 800 number. (*Id.* ¶ 52.) According to Plaintiff, this search led him to Communications Management Services which later indicated that 800 Ideas.com was the responsible Organization for both the 888 and the 800 number. (*Id.* ¶ 63.) Plaintiff has not alleged that 800-Ideas, Inc. advertised in Minnesota or otherwise tried to contact him or any other potential Minnesota customer or had any other contact with Minnesota.

*Id.*, 455 F.Supp.2d at 965-6.

The magistrate judge also recommended that Mr. Hammann's motion for summary judgment against 1-800 Ideas.com, Inc., 1-800 San Diego Inc. and the individual defendants be denied. *Id.*, 455 F.Supp.2d at 966-78.  In his order adopting the magistrate judge's recommendation, the district judge stated that he was "given pause" because "the conduct engaged in by these companies with respect to toll-free numbers appears to be precisely the kind of conduct that the Communications Act and regulations promulgated under the Act were intended to prohibit." *Id.*, 455 F.Supp.2d at 948,   The district judge found, however, that because material facts appeared to be disputed or unclear, it was prudent to accept the magistrate judge's recommendation.  The district judge also stated that "[t]he Court obviously believes that Hammann has a strong case on liability."  He, nevertheless, cautioned Plaintiff to be realistic about his prospects of recovering any significant damages. *Id.*  Following the September 7, 2006 decision, the parties in the Minnesota action, which no longer included 1-800 Ideas, Inc., settled the case. Mr. Hammann thereafter filed this action in the District of Nevada against 800 Ideas, Inc. on July 8,

2008.

## DISCUSSION

**Interrogatory No. 11**

Plaintiff requests that Defendant provide him with the physical address where Susan Parker could be served with a subpoena in her personal capacity. (#84 at 5). Defendant responded by raising various objections and providing Plaintiff with Ms. Parker's post office box, rather than a physical location where Ms. Parker resides. (#84 at 5-7). Plaintiff argues that Defendant should be compelled to provide him with Ms. Parker's address so that he might depose Ms. Parker.

The Court finds Plaintiff's request that Defendant be compelled to respond is without merit. The interrogatory itself may have been relevant as Ms. Parker may have had knowledge relevant to Plaintiff's claims or defenses raised by 800 Ideas, Inc. However, discovery is now closed and Plaintiff was not prejudiced by Defendant's failure to provide Ms. Parker's residential address. Plaintiff had other options available to him if he wished to take the deposition of Ms. Parker. He could have simply noticed Ms. Parker's deposition and questioned her about the subject matter of this action. Alternatively, Plaintiff could have noticed a deposition for the person most knowledegable at 800 Ideas, Inc. and noticed Ms. Parker by name as she is a principal officer, director and shareholder of 800 Ideas, Inc. In either instance, Defendant would have been required to produce Ms. Parker for a deposition without Plaintiff having to subpoena her. Plaintiff never noticed the deposition of Ms. Parker or attempted to depose her. As a result, the Court upholds Defendant's objections as to interrogatory no. 11 and denies Plaintiff's request that Defendant be compelled to further respond.

**Interrogatory No. 24**

Plaintiff requests that Defendant identify the financial institution in which Defendant held accounts for the period beginning from the date Defendant acquired the disputed 800 Number to the present. (#84 at 8-9). Defendant objects to the interrogatory as not relevant, unduly burdensome and overly broad. Plaintiff argues that the financial institution records are relevant and will assist him in showing that Defendant has retained control of the disputed 800 number even though Defendant previously stated that it sold all of its toll-free telephone numbers to Travel

Services International, Inc. However, Plaintiff has offered the Court no in support of this assertion. In contrast, Defendant represented to the Court and has submitted an affidavit stating that 800 Ideas, Inc. has not been in operation since 1997 as an ongoing business. (*See* #86). Plaintiff has not developed any proof that Defendant was in operation after this date and has not shown the Court that Defendant controlled the disputed numbers after 1997. As a result, Plaintiff has failed to demonstrate the relevance of the financial records to his claims and the Court will deny his request to compel Defendant to further respond.

**Interrogatory No. 38**

At the hearing on this matter, Plaintiff stated that he now believed that Defendant has accurately and fully answered this interrogatory. Plaintiff withdrew his request for the court to compel further response to this interrogatory.

**Interrogatory No. 40**

Plaintiff requests that Defendant identify any monetary funds 800 Ideas, Inc. and Susan Parker provided to 1-800 Ideas.com, Inc. (#84 at 14-15). Defendants object to the discovery request as not relevant, overbroad and unduly burdensome. (*Id.* at 14-16). Plaintiff argues that the interrogatory is relevant because he is attempting to show that Defendant, Susan Parker and 1-800 Ideas.com, Inc. are affiliates of one another.

Defendant states that it supplemented its answer to state any affiliation between 800 Ideas, Inc. and 1-800 Ideas.com, Inc. However, Defendant has not answered the interrogatory with respect to Ms. Parker. As Ms. Parker is a principal officer, director and shareholder of 800 Ideas, Inc., the interrogatory is relevant to Plaintiff's claims. Therefore, the Court will order Defendant to supplement its answer to the interrogatory. Accordingly,

. . .

. . .

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Plaintiff Jerald Alan Hammann's Motion to Compel Discovery (#79) is **granted in part** and **denied in part**. Defendant shall supplement its answer to Plaintiff's Interrogatory No. 40 and identify any monetary funds Ms. Parker provided to 1-800 Ideas.com, Inc. from June 5, 2003 to the present.

DATED this 7th day of December, 2010.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge