# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JERALD ALAN HAMMANN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-00886-LDG-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| 800 IDEAS, INC., | ) | Motion to Limit Testimony (#136) |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Jerald Alan Hammann's Motion and Memorandum to Motion for Failure to Disclose (#136), filed July 12, 2010; Plaintiff's Affidavit Regarding Documents (#142), filed July 15, 2010; Defendant's Letter Opposing the Court's Consideration of Documents Plaintiff Subpoenaed from Sprint Nextel Corp. And CMS/800 (#157), filed August 6, 2010; Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Failure to Disclose (#171), filed December 17, 2010; Plaintiff's Motion for Consideration of New Evidence and Memorandum in Support of Motion (#173), filed December 17, 2010; Defendant's Memorandum of Law in Response to Plaintiff's Motion for Consideration of New Evidence (#174), filed January 3, 2011; and Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Failure to Disclose (#175), filed January 10, 2011.

## DISCUSSION

**1.     Motion for Consideration of New Evidence (#173)**

Plaintiff requests that the Court consider business and phone records attached as exhibits to his motion for consideration of new evidence (#173) in evaluating the merits of all motions pending before the Court. It is unclear to the Court how the telephone and business records are relevant to Plaintiff's motion to preclude testimony due to Defendant's failure to disclose the

contact information of a person holding discoverable information in Defendant's initial disclosures (#136).

Accordingly, the Court will not consider Plaintiff's "new evidence" in deciding Plaintiff's "Motion for Failure to Disclose" (#136). The Court is aware, however, that a motion for summary judgment remains pending (#126) and the records offered by Plaintiff as new evidence may be relevant to the determination of that dispositive motion. Therefore, the Court will not issue a formal decision on Plaintiff's motion for consideration of new evidence in evaluating the merits of all motions pending before the Court (#173) other than to deny the request that the records be considered in deciding Plaintiff's "Motion for Failure to Disclose" (#136).

### 2. Motion to Preclude Testimony (#136)

In Plaintiff's present "Motion for Failure to Disclose," he argues that defense witness Susan Parker should be precluded from supplying evidence in any other capacity than as the principal director, officer and shareholder of Defendant 800 Ideas, Inc. (#136). Plaintiff alleges that Defendant's initial disclosures listed Susan Parker as a person holding discoverable information, but failed to provide her home address as required by Fed.R.Civ.P. 26. (*Id.*) Instead, Defendant listed a post office box address for Ms. Parker's contact information. (*Id.*) As a result, Plaintiff argues that he was unable to subpoena Ms. Parker in order to depose her in her personal capacity and capacity as an officer for other, potentially related companies. Defendant opposes the motion and argues that Defendant could have deposed Ms. Parker in her capacity as the principal director, officer and shareholder of Defendant 800 Ideas, Inc. (#171).

Plaintiff raised a similar issue in his previous motion to compel. (#79). In that motion, Plaintiff argued that the defendant should be compelled to provide further responses to his interrogatories and specifically provide him with the home address of Susan Parker so that she might be subpoenaed and deposed in her personal and professional capacity. (*Id.*) According to Plaintiff, Ms. Parker has knowledge related to Plaintiff's claims that goes beyond knowledge specific to her role as an officer of Defendant 800 Ideas, Inc. (*Id.*) The Court found that Plaintiff would have been entitled to depose Ms. Parker as her testimony may have had knowledge relevant to Plaintiff's claims or defenses raised by 800 Ideas, Inc. (#168). Relevance notwithstanding, the Court denied Plaintiff's motion to compel because the discovery period had closed. (*Id.*) In addition, the Court found that Plaintiff was not prejudiced by Defendant's failure to provide Ms. Parker's address because Plaintiff could have deposed Ms. Parker in

her position as an officer of 800 Ideas, Inc. without the use of a subpoena.  (*See id.*)

In the present motion to exclude, Plaintiff raises the similar argument that Susan Parker's testimony should be limited solely to her knowledge as an officer of Defendant 800 Ideas, Inc. because Defendant failed to disclose a home address for Ms. Parker as a person holding discoverable information. (#136).  On further consideration, the Court finds that Susan Parker is integral to Plaintiff's claims and will allow Plaintiff to depose Ms. Parker.  While the onus to notice Ms. Parker's deposition remained on Plaintiff, Plaintiff is a *pro se* litigant and entitled to some leniency.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating *pro se* litigants are entitled to some leniency in procedural matters); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  In contrast to a general *pro se* party, Mr. Hammann appears to be a frequent and knowledgeable litigant.  As such, Plaintiff will not be granted much latitude. In this instance, however, the Court finds good cause to grant Plaintiff an opportunity to depose Susan Parker.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to preclude testimony of Susan Parker (#136) is **denied** on the condition that Defendant makes Susan Parker available for deposition on or before **April 1, 2011**.  Ms. Parker shall appear in San Diego County, California, Las Vegas, Nevada or a metropolitan city near her residence for deposition.  Plaintiff may elect to take Ms. Parker's deposition telephonically if he wishes.

DATED this 8th day of February, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge