# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JERALD ALAN HAMMANN, | )<br>) |
|                Plaintiff, | )   Case No.  2:08-cv-00886-LDG-GWF<br>) |
| vs. | )   **ORDER**<br>) |
| 800 IDEAS, INC., | )   Motion to Preserve Testimony (#218)<br>) |
|                Defendant. | ) |

       This matter comes before the Court on Plaintiff's Motion to Preserve Testimony (#218), filed on December 6, 2012.  Defendant filed a timely Opposition (#221) on December 21, 2012. Discovery in this matter closed on May 24, 2010.  *See Doc. #49* at 1:20.  Trial is currently scheduled for July 8, 2013.  *See Doc. #226*.

       Plaintiff seeks leave to depose third-parties Communications Management Services ("CMS") and Sprint Communications L.P. ("Sprint").  Before the close of discovery in May 2010, Plaintiff served CMS and Sprint with Requests for Production of Documents.  Defendant represents that Plaintiff did not issue notices for or take CMS or Sprint's depositions.  Plaintiff now contends the complexity of the produced documents requires oral testimony at trial.  Plaintiff argues that due to several continuances of the trial date and because CMS and Sprint are remote from the trial location, their appearance cannot be ensured.  Plaintiff therefore asserts it is necessary to conduct depositions of CMS and Sprint for use at trial.  The Court construes Plaintiff's Motion as a request to modify the Scheduling Order (#49) to re-open discovery in this case.

       A moving party must show good cause to modify a scheduling order.  *See* Fed. R. Civ. P. 16(b)(4); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  In determining whether good cause exists to reopen discovery, courts may consider a variety of

factors. *See, e.g., United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir.1995). Good cause determination focuses primarily, however, on the diligence of the moving party in its attempts to complete discovery in a timely manner. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). Plaintiff was aware during discovery that CMS and Sprint may possess information regarding this case, as evidenced by Plaintiff's timely serving Rule 45 Production Request on both parties. Plaintiff had ample opportunity during the discovery period to depose CMS and Sprint, and could have served notices of depositions along with his Rule 45 subpoenas. Plaintiff does not now offer any explanation why he did not attempt to depose CMS or Sprint during the discovery period, nor any arguments that establish good cause to reopen discovery. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Pretrial Motion to Preserve Testimony (#218) is **denied**.

DATED this 6th day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge