**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JERALD ALAN HAMMANN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-00886-LDG-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| 800 IDEAS, INC., | ) | Motion for Contemporaneous |
| | ) | Transmission of Testimony (#219) |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff's Motion for Contemporaneous Transmission of Testimony (#219), filed on December 10, 2012. Defendant filed a timely Opposition on December 27, 2012. Trial in this matter is currently set for July 8, 2013. *See Doc. #226*.

Plaintiff seeks leave to permit his damages expert, Mark Meitzen ("Meitzen"), to testify at trial by transmission from a remote location. Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The advisory committee notes state "justifications for remote transmission must be approached cautiously." Fed. R. Civ. P. 43(a) advisory committee's note (1996 amendment). "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.*; *see e.g., Palmer v. Valdez*, 560 F.3d 965, 968–69 n. 4 (9th Cir.2009); *Rodriguez v. SGLC, Inc.*, No. 2:08–cv–01971, 2012 WL 3704922, at *2–3 (E.D.Cal. Aug.24, 2012) (denying a Rule 43(a) motion because "the circumstances confronting plaintiffs can hardly be construed as unforeseen").

. . .

Plaintiff has not adequately demonstrated good cause and compelling reasons for contemporaneous transmission of Meitzer's testimony. This matter has been on track for trial for two years. Plaintiff argues that the multiple trial continuances have created uncertainty regarding whether Plaintiff can secure Meitzer's appearance. The current trial date is eight months away, however, and affords Plaintiff ample opportunity to arrange for Meitzer's testimony. Plaintiff has not offered any reasons why Meitzer will not be able to attend the trial. Furthermore, this Order does not preclude Plaintiff from attempting to introduce Metizer's prior deposition testimony at trial. The Court does not now reach the admissibility of the deposition, however, because such determination requires consideration of factors not presently before the Court. The deposition's admissibility can be properly addressed, if necessary, in a motion *in limine* before the trial date. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Pretrial Motion for Contemporaneous Transmission of Testimony (#219) is **denied**.

DATED this 8th day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge