UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEROLD ALAN HAMMANN, | 2:08-cv-0886-LDG-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| 800 IDEAS INC., et al., | |
| Defendants. | |

This matter comes before the court on defendant Susan Parker's motion to dismiss the second amended complaint (#220, opposition #225, reply #228). During the court's consideration of this motion, it has become readily apparent that Parker's motion presents matters outside of the pleadings on almost every ground for dismissal, and plaintiff's opposition, in turn, relies on factual material including the documents relied upon by the court in previous rulings. Furthermore, the statute of limitations and collateral estoppel issues raised by Parker are particularly suited to a summary judgment analysis.

Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

The court concludes that under the mandates of Rule 12(d), defendant Susan Parker should have the opportunity to formulate their arguments and present any material in support thereof, if they so choose, in the context of a summary judgment motion. The court realizes that this ruling

will necessitate that the trial scheduled for October 21, 2013, be continued, but the court is bound by the rules of procedure in this instance.[1]  Accordingly,

    THE COURT HEREBY ORDERS that defendant Susan Parker shall have sixty (90) days from the date of this order in which to recast her motion to dismiss the second amended complaint as a motion for summary judgment. Responsive briefing shall be governed by local rules.

    THE COURT HEREBY ORDERS that defendant Susan Parker's motion to dismiss the second amended complaint (#220) is DENIED as moot.

    THE COURT FURTHER ORDERS that the trial scheduled for October 21, 2013, is hereby VACATED.   The clerk of court is directed to set trial in this matter at a date after February 1, 2014.

    THE COURT FURTHER ORDERS that defendants' motion to adjourn and reschedule trial calendar (#240) is DENIED as moot.

DATED this ___ day of September, 2013.

_____
Lloyd D. George
United States District Judge

---

[1] While this result delays once again the disposition of this case, the court reminds the parties that the second amended complaint was filed only nine months ago, and two continuances have been granted since in the intervening months.