# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEROLD ALAN HAMMANN, | 2:08-cv-0886-LDG-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| 800 IDEAS INC., et al., | |
| Defendants. | |

The court has reviewed the briefs on defendants' motions to schedule a Daubert hearing (#253) and to strike the expert report of Mark E. Meitzen (#224) and the attached expert report (#224-1) related to plaintiff Hammann's damages claim.  Hammann asserts that his lost profit damages are "described and summarized both through the ChoiceTime projections prepared by Hammann . . . and in the Expert Report of Dr. Mark E. Meitzen."  Plaintiff's Response to Defendants' Motion to Schedule a Pretrial Daubert Hearing, at 2.  On September 26, 2013, the court wrote that it was

> [R]eluctant to rule on the admissibility of Meitzen's testimony and report without a further assessment of that evidence in the setting of a Daubert hearing.  Accordingly, the court will deny [defendants'] motion [to strike the expert report] without prejudice, and allow [defendants] to move the court to schedule a pre-trial Daubert hearing (within 30 days of the new trial date) on Meitzen's report and proposed testimony.  If the court schedules such a hearing upon defendants' request, Meitzen will be required to appear in person to testify.

Docket No. 244, at 3.

At some point, Hammann became aware that Meitzen had refused, unless compelled by the court, to appear as an expert in this action.  Meitzen also requested that Hammann withdraw Meitzen's report filed in 2005 in Hammann v. 1-800 IDEAS.COM, INC., No. 03-3342, in the District of Minnesota (the "Minnesota action").  By letter dated November 15, 2013, Hammann

refused to withdraw the report. Hammann also indicated to Meitzen that he would wait until the filing of any Daubert motion to notify the court that Meitzen was not willing to appear. In a responsive letter to Hammann, Meitzen stated:

> We have received you letter of November 15, 2013. In that letter you have declined to withdraw the report you submitted without my consent or authorization. You also have indicated that you would like to wait until the filing of a Daubert Motion to notify the court that I am not willing to appear in the current action unless compelled.
>
> Your disclosure offer is not satisfactory to Christensen Associates in terms of timing or accuracy. Therefore, please disclose to the court by January 1, 2014 in clear and certain terms that: Christensen Associates has never been retained or agreed to work in Case No. 2:08-0cv-0886; I am unwilling to testify before the Nevada Court (unless so compelled by the Court); I cannot say how the opinions expressed in the 2005 Minnesota Report (Case No. 03-3342) may have changed in terms of the Nevada proceeding (Case No. 2:08-cv-0886), and the passage of 8 years; and you do not have my consent to represent that I believe my opinions would be the same. If you do not provide complete and accurate disclosure of these circumstances, Christensen Associates will need to provide this clarification to the Nevada Court.

Defendants urge that the court conduct the Daubert hearing in order to place facts going to status of Hammann's damage claim on the record. However, the record is already clear that (1) Meitzen is unwilling to testify, (2) that he would not support, in these proceedings, application of the 2005 expert report, and (3) Hammann intended not to disclose Meitzen's position unless a motion for a Daubert was filed. Under those circumstances, the court will strike Meitzen's 2005 expert report as unreliable, of undetermined methodology as it pertains to these proceedings, and creating confusion of the damages issues. Moreover, Meitzen's deposition testimony taken in November 2005 in the Minnesota action defended the methodology and conclusions of his expert report, and therefore suffers from the same unreliability, undetermined methodology, and creating confusion of the damages issues in this litigation. The expert report and deposition testimony are deemed unreliable as a matter of law in establishing damages in this case.

Finally, Hammann suggests that he will present Fed.R.Evid. 702 (expert) testimony related to damages. This will not be allowed. Hammann did not disclose himself as an expert witness prior to the March 25, 2010, expert disclosure deadline. Nor did Hammann disclose himself as a

Rule 702 expert witness in relevant discovery responses to defendant 800 Ideas, Inc.'s requests, or disclose an expert report or a detailed summary of the facts and opinions to which he is expected to testify as required by Fed.R.Civ.P. 26(a)(2)(B) or ©.  He also has not sufficiently shown that he holds the requisite knowledge, skill, experience, training or education to testify about the economics of the projected profits of a startup business.  On this record, any expert opinion testimony that Hammann would offer would not assist the trier of fact to understand the evidence or understand a fact in issue and is inadmissible.  Furthermore, because he is not qualified as an expert in the field of projected profits in a startup business, Hammann would not be permitted to adopt the conclusions of another expert report or testimony in that area in forming an expert opinion.

While the court will not permit Hammann to testify in the capacity of an expert witness, the law does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own experience.  See Fed.R.Evid. 701 Advisory Comm. Notes ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert.  Such opinion testimony is admitted not because of expertise, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.").  The Ninth Circuit has addressed the sort of particularized knowledge acquired from experience by holding that an intimate knowledge of a business is required in order to make future projections.  United States v. Goodheim, 686 F.2d 776, 779 (9th Cir. 1982).  In addition, opinion of a law witness must be "'predicated upon concrete facts within their own observation and recollection–that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts.'"  United States v. Durham, 464 F.3d 976, 982 (9th Cir. 2006) (quoting Randolph v. Collectramatic, Inc., 590 F.2d 844, 847-48 (10th Cir. 1979)).

Here, the court must ascertain whether Hammann's testimony as a lay witness is (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of [the witness's] testimony or the determination of a fact in issue, and © not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed.R.Evid. 701. The court will schedule a Rule 701 hearing for that purpose. That hearing will also provide an opportunity for the parties to argue their respective motions for summary judgment.

THE COURT ORDERS that defendants' motion to strike the expert report of Mark E. Meitzen (#224) is hereby revisited and GRANTED.

THE COURT FURTHER ORDERS that the 2005 deposition testimony of Mark E. Meitzen, or any reliance thereon, is INADMISSIBLE in these proceedings.

THE COURT FURTHER ORDERS that a hearing pursuant to Fed.R.Evid. 701 shall be conducted before this court on the 24day of April, 2014, at 2:00 pm, in which to consider whether, and to what extent, plaintiff Hammann may offer lay-witness testimony with regard to lost profits or other damages.

DATED this 18 day of March, 2014.

_____
Lloyd D. George
United States District Judge

4