UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEROLD ALAN HAMMANN,<br><br>    Plaintiff,<br><br>v.<br><br>800 IDEAS INC., et al.,<br><br>    Defendants. | 2:08-cv-0886-LDG-GWF<br><br>**ORDER** |

      By order dated March 18, 2014 (#275), and during the Rule 701 hearing conducted on May 28, 2014, the court struck plaintiff Hammann's expert report, ruled inadmissible the 2005 testimony of Hammann's expert in a prior case, found Hammann to be unqualified as an expert in the area of damages related to his claims, and struck damages exhibits. The court, however, permitted Hammann to "present evidence that [he has] provided [damages] information through discovery," Transcript of May 28, 2014, Hearing at 15-16, and defendants to file papers related to that issue.

      Hammann's arguments in the nature of a motion for reconsideration of the court's evidentiary rulings under Fed. R. Civ. P. 59 or relief under Fed. R. Civ. P. 60 will be denied. A Rule 59 motion is untimely and, as defendants point out, Hammann has not made an adequate Rule 60(b) showing. Furthermore, as defendants argue, Hammann cannot rely on exhibits filed on the electronic docket as satisfying defendants' discovery requests, and even if he could, any documents relying on hearsay and self-generated materials could only be offered by an expert. Hammann has never timely identified himself as such an expert in discovery requests or pretrial disclosures. Considering the record in this case, and Hammann's personal knowledge and

experience, the court will also preclude him from testifying as either a lay witness or an expert as to lost profit (or "impairment") damages. Hammann has never started a company, and he possessed no personal knowledge about operations, capital expenditures, or earnings and lost profits, with regard to the company he claims he would have formed. Furthermore, such testimony would not only be unreliable, but highly speculative and confusing to a jury. Bottom line, Hammann has never identified the projections and information in accord with defendants' discovery requests and, even if he had, they would not be of assistance to a jury. The court adopts the specific points and authorities made by defendants in the following rulings:

THE COURT HEREBY ORDERS that Hammann's memorandum regarding discovery disclosures (#285) is DENIED.

THE COURT FURTHER ORDERS that defendants' request for leave to file a renewed motion for summary judgment (#283) is GRANTED.

THE COURT FURTHER ORDERS that defendant Parker's motion for a pretrial Daubert hearing (#253) is DENIED as moot.

THE COURT FURTHER ORDERS that defendants' motion for summary judgment (#254) is DENIED without prejudice.

THE COURT FURTHER ORDERS that Hammann's memorandum in support of motion for summary judgment (#258) is DENIED.

DATED this 17 day of September, 2014.

_____
Lloyd D. George
United States District Judge