# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JERALD ALAN HAMMANN, | 2:08-cv-0886-LDG-GWF |
|     Plaintiff, | |
| v. | **ORDER** |
| 800 IDEAS INC., et al., | |
|     Defendants. | |

    Plaintiff Jerald Hammann's attempt to prove damages in this case is belied to a significant degree by his reliance, in the nearly-duplicative Minnesota case, on expert testimony to do so. After lengthy and tortuous litigation, in which the court permitted Hammann to amend his complaint to add a new defendant, reopened discovery at a late stage, and provided Hammann multiple opportunities to make his case and prove damages, this action must now come to an end.

    Defendants 800 Ideas, Inc., and Susan Parker have filed their renewed motion for summary judgment (#293, response #296, reply #299). After it became clear that Hammann's designated damages expert in this litigation was unwilling to testify, would not support application of his report prepared in the Minnesota litigation to this case, and that Hammann had intended not to disclose Meitzen's position unless a motion for a Daubert hearing was filed, the court, on March 18, 2014, struck Meitzen's testimony and report in this action. In addition, the court precluded Hammann from testifying as an expert witness in the case.

    On May 28, 2014, the court conducted a Rule 701 evidentiary hearing to determine whether Hammann could testify as a lay witness regarding damages. At the hearing, the court ruled that Hammann could not present documents and exhibits to support his claim for damages

because Hammann had not provided them before the close of discovery on May 24, 2010; the conclusions relied upon by the documents required expert opinion pursuant to Rule 702; and the information used to generate the data in the exhibits constituted inadmissible hearsay. The court will not disturb those orders.

In opposition to defendants' renewed motion for summary judgment, Hammann points to discovery he produced in the Minnesota action and also contends that he produced documents in this action. The court previously ruled that any evidence not properly produced will not be admitted. In his opposition, Hammann includes documents filed in this or the Minnesota action, but does not show that they were properly disclosed during discovery. Morever, Hammann asks the court to consider documents purportedly supporting his "impaired time and effort" theory of damages. Hammann, however, does not establish that these documents were produced in discovery, and they will not be introduced now. Morever, even had they been properly produced, the documents that he filed on an electronic docket on lost income or impairment of opportunity costs that consist of summaries prepared by himself without any supporting documentation are not sustainable proof of damages. Finally, the court finds that defendants have, and will continue to be, prejudiced if any of the new and self-serving documentation submitted by Hammann were to be admitted at this time. Accordingly,

THE COURT HEREBY ORDERS that defendants' renewed motion for summary judgment (#293) is GRANTED.

THE COURT FURTHER ORDERS that within 30 days of the date of this order, Hammann shall file authorities regarding his equitable claim to recovery of the disputed numbers from a third party.

DATED this 16 day of September, 2015.

Lloyd D. George
United States District Judge

2