Pamela R. Lawson
Nevada Bar No. 5044
LAW OFFICE OF PAMELA R. LAWSON
7251 W. Lake Mead Blvd., Ste. 300
Las Vegas, Nevada 89128
Phone: (702) 562-4058
Fax: (702) 880-3376
*Attorneys for Defendants*
*800 Ideas, Inc. and*
*Susan Parker*

OF COUNSEL
Joseph A. Boyle
Geoffrey W. Castello
Vincent P. Rao II
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, NJ 07054
Phone: (973) 503-5900
Fax: (973) 503-5950

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

|  |  |
|---|---|
| JERALD ALAN HAMMANN,<br><br>  Plaintiff,<br>  v.<br><br>800 IDEAS, INC. AND<br>SUSAN PARKER,<br><br>  Defendants. | Case No.: 2:08-cv-00886 |

**RESPONSES TO PLAINTIFF'S MEMORANDUM**

Defendants 800 Ideas, Inc. and Susan Parker ("Defendants"), by and through their attorneys, The Law Offices of Pamela Lawson and Kelley Drye & Warren LLP, hereby submit this Memorandum of Law in Response to Plaintiff's Memorandum of Law requesting that this Court grant Plaintiff's request for transfer of the Disputed Numbers (Dkt. No. 305).

**RELEVANT PROCEDURAL HISTORY**

This is an action for alleged violations of various FCC regulations, certain anti-trust claims and common law claims brought by plaintiff Jerald Hammann ("Plaintiff") against Defendants arising out of Plaintiff's failed efforts to obtain two vanity toll free telephone numbers (the "Disputed Numbers"). By way of Order entered on September 17, 2015 (Dkt. No. 301), this Court granted Defendants' Renewed Motion for Summary Judgment and allowed

1

Plaintiff to submit authorities in support of his equitable claim for recovery of the Disputed Numbers from a third party. On October 15, 2015, Plaintiff filed a Memorandum of Law (the "Memorandum") in support of his claim for equitable relief requesting that this Court grant Plaintiff the right of subscribership to the Disputed Numbers. (Dkt. No. 305).

### PLAINTIFF'S ATTEMPTS TO RE-ARGUE SUMMARY JUDGMENT SHOULD BE STRICKEN

As a preliminary matter, the Memorandum goes well beyond what this Court has ordered and requested from Plaintiff. Indeed, this Court specifically requested that Plaintiff submit authorities in support of his claim for equitable relief. That claim for equitable relief is a narrow question, *i.e.*, whether this Court should grant Plaintiff the right of subscribership to the Disputed Numbers. Rather than brief this one remaining issue, the vast majority of the Memorandum re-argues Plaintiff's claims under the FCC regulations and Sherman Act. Indeed, Plaintiff goes as far as requesting that this Court grant him Summary Judgment on Counts 1 and 2. (Dkt. No. 305, p. 11, lines 14-1). It is abundantly clear that this Court granted Defendants' Renewed Motion for Summary Judgement in its entirety. (Docket No. 301). Accordingly, Defendants respectfully request that this Court strike the Memorandum except for Sections E and F, which reflect Plaintiff's arguments in support of equitable relief to obtain subscribership of the Disputed Numbers.

### PLAINTIFF REQUEST FOR THE RIGHT OF SUBSCRIBERSHIP SHOULD BE GRANTED

Throughout the pendency of this litigation, Defendants have consistently asserted that they do not use, own or possess the Disputed Numbers and that Plaintiff may obtain the right of subscribership to the Disputed Numbers. Plaintiff has consistently (and erroneously) asserted throughout this proceeding that Defendants possess and/or control the Disputed Numbers. 1-800

Ideas.com, Inc. was a named defendant in the Minnesota Action. Plaintiff sought the same equitable relief in that action that he now seeks from this Court. As part of the settlement agreement in that action, 1-800 Ideas.com, Inc. assigned all right, title and interest in the Disputed Numbers to Plaintiff. Furthermore, Mr. Steve Parker sold 1-800 Ideas.com, Inc. on March 1, 2006 to a company named MICKTEL. Plaintiff, however, did nothing to seek the Disputed Numbers from MICKTEL. Plaintiff knows well the procedure for obtaining the numbers and placing them into his account. All Plaintiff had to do was to inform the FCC that he had been granted rights to the Disputed Number in the Minnesota Action. The FCC would confirm that fact and then transfer the Disputed Numbers to Plaintiff's account. Plaintiff did make contact with MICKTEL in 2014 and was told by MICKTEL they would need an order from the FCC. This is the same information MICKTEL gave Plaintiff in 2005. Plaintiff purposely avoided obtaining the Disputed Numbers in order to artificially bolster this senseless and frivolous action against Defendants. Again, Defendants do not oppose Plaintiff's request for equitable relief and respectfully requests this Court to grant the equitable relief he seeks regarding the transfer of the right of subscribership to the Disputed Numbers.

## CONCLUSION

Defendants respectfully request that this Court grant Plaintiff's requested equitable relief and provide him with the right of subscribership to the Disputed Numbers. Defendants further request that this Court enter the Order and Judgment filed herewith as Exhibit A and terminate this matter.

Dated: November 17, 2015

KELLEY DRYE & WARREN LLP

By:   */s/Vincent P. Rao II*
    Vincent P. Rao II
    One Jefferson Road
    Parsippany, NJ 07054
    Phone: (973) 503-5900
    Fax: (973) 503-5950

Pamela R. Lawson
Nevada Bar No. 5044
LAW OFFICE OF PAMELA R. LAWSON
7251 W. Lake Mead Blvd., Ste. 300
Las Vegas, Nevada 89128
Phone: (702) 562-4058
Fax: (702) 880-3376
*Attorneys for Defendant*
*800 Ideas, Inc. and*
*Susan Parker*

ORDER

IT IS SO ORDERED.
DATED this 20 day of November, 2015.

_____
Lloyd D. George
Sr. U.S. District Judge

4